Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| DESIRÉE DONATO GARCÍA, FRANK SANTIAGO Y OTROS<br><br>Recurridos<br><br>v.<br><br>CONSEJO DE TITULARES CONDOMINIO VALLE SANTA CECILIA Y OTROS<br><br>Peticionarios | TA2025CE00649 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso número: CG2021CV01570<br><br>Sobre: Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 6 de noviembre de 2025.

Comparece la parte peticionaria, Consejo de Titulares Condominio Valle Santa Cecilia y su aseguradora, Chubb Insurance Company, mediante el recurso de epígrafe y nos solicita que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas, el 18 de septiembre de 2025, notificada al día siguiente. Mediante el referido dictamen, el foro primario declaró No Ha Lugar una moción de sentencia sumaria presentada por la parte peticionaria.

Por los fundamentos que se exponen a continuación, se deniega la expedición del auto de *certiorari*. Veamos.

### I

El 28 de junio de 2021, la parte recurrida, Desirée Donato García (Donato García), Frank Santiago y la Sociedad Legal de Gananciales compuesta por ambos presentó una *Demanda* de daños y perjuicios en contra de la parte peticionaria, Consejo de Titulares Condominio Valle Santa Cecilia (Consejo de Titulares) y su

aseguradora, Chubb Insurance Company (Chubb).[1] En síntesis, alegó que el 4 de julio de 2019 sufrió una caída en el área del estacionamiento del Condominio Valle Santa Cecilia, provocada por una protuberancia en el suelo y que esta, a su vez, se originó como resultado de una filtración de agua proveniente del piso superior del estacionamiento. La parte recurrida también alegó que la protuberancia constituía una condición peligrosa, así como que el área afectada no había recibido el mantenimiento necesario, ni contaba con rótulos que advirtieran sobre esta condición.

En cuanto a los daños, Donato García sostuvo que requirió tratamiento médico de emergencia y que su proceso de recuperación fue prolongado, lo que le ha provocado dolores persistentes y angustias mentales. Como remedio, reclamó una indemnización que asciende a $250,000.00, en resarcimiento de los daños y angustias mentales que alegó sufrir. Además, solicitó una partida de $2,000.00 por concepto de gastos médicos.

El 14 de septiembre de 2021, Chubb contestó la demanda,[2] mientras que, por su parte, el Consejo de Titulares hizo lo propio el 18 de febrero de 2022.[3] En lo pertinente, sostuvieron que el área donde ocurrió el accidente no era un paso peatonal, por lo que no se trataba de una ocurrencia que constituyese una condición peligrosa. Por la misma razón, rechazaron la necesidad de colocar rótulos de advertencia.

Luego de una serie de incidencias procesales, el 18 de marzo de 2024, Chubb y el Consejo de Titulares presentaron de manera conjunta un escrito titulado *Moción en Solicitud de Sentencia Sumaria al Amparo de la Regla 36.3 de Procedimiento Civil*.[4] En síntesis, adujeron que la controversia medular ante la consideración

---

[1] Entrada Núm. 1 del caso núm. CG2021CV01570 del SUMAC.
[2] Entrada Núm. 11 del caso núm. CG2021CV01570 del SUMAC.
[3] Entrada Núm. 28 del caso núm. CG2021CV01570 del SUMAC.
[4] Entrada Núm. 68 del caso núm. CG2021CV01570 del SUMAC.

del foro *a quo* es si la parte peticionaria responde por los hechos reclamados en la demanda, aunque el accidente se debiera a la negligencia de la propia demandante. Así, de conformidad con el estándar de derecho correspondiente a la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36, argumentó que no existen controversias de hechos materiales respecto a que Donato García admitió que, el día de los hechos, asumió el riesgo que conllevaba caminar por encima de la tierra, fuera de la acera.

La parte peticionaria también sostuvo en la moción dispositiva presentada que la propia Donato García, como presidenta de la Junta de Directores del Condominio, era la persona responsable de mantener las áreas verdes en buen estado. Asimismo, planteó que el Consejo de Titulares descargó adecuadamente su responsabilidad sobre el mantenimiento de los predios, mediante la contratación de una compañía para mantenimiento de áreas verdes en las áreas comunes del complejo. De este modo, reclamó la aplicabilidad de la doctrina de contratista independiente como eximente de responsabilidad.

Luego de varias incidencias procesales, el 10 de junio de 2024, la parte recurrida presentó un escrito que tituló *Oposición a Moción en Solicitud de Sentencia Sumaria* […].[5] En esencia, argumentó que el responsable del mantenimiento de los espacios es el Consejo de Titulares, y no Donato García, como presidenta de la Junta de Directores. Así también, expuso que, de aplicar la doctrina de asunción de riesgo, únicamente correspondería la reducción de su indemnización. En consecuencia, planteó la necesidad de llevar a cabo un juicio para determinar si la parte peticionaria incurrió en negligencia y si es aplicable la doctrina de asunción de riesgo.

---

[5] Entrada Núm. 77 del caso núm. CG2021CV01570 del SUMAC.

Luego de evaluar la moción dispositiva instada por la parte peticionaria, en conjunto con el escrito de oposición presentado por la parte recurrida, el 18 de septiembre de 2025, el foro primario emitió la *Resolución* recurrida,[6] la cual fue notificada al día siguiente. Mediante esta, declaró No Ha Lugar la solicitud de sentencia sumaria. Ello, tras determinar que existen las siguientes controversias esenciales:

1. Si la franja de tierra era un paso peatonal.

2. Si existía una prohibición de paso en los espacios verdes o de uso común del Condominio Valle Santa Cecilia.

3. Si la alegada condición de mal estado de la franja de tierra era perceptible a la vista.

4. Si esta franja de tierra representaba un obstáculo para los residentes del Condominio Valle Santa Cecilia.

5. Si habían ocurrido incidentes previos en esa franja que fueron reportados al Consejo de Titulares.

6. Si la demandante como residente o miembro del consejo de titulares tenía conocimiento de la condición de la franja de tierra.

7. Si era parte de los deberes de la compañía de mantenimiento el reparar la condición de la franja de tierra.

8. Si no era parte de los deberes de la compañía, si fue solicitado a esta compañía el servicio de reparación de la franja con anterioridad al incidente.

9. De existir una condición de peligrosidad en la franja de tierra, si esta fue la que ocasionó el daño a la señora Donato García.

10. Cuáles complicaciones médicas se derivaron del accidente.

11. Cuáles complicaciones médicas eran preexistentes.

12. A cuánto ascienden los gastos médicos en los que incurrió la señora Donato García a partir de las afecciones físicas causadas por la caída.

En cuanto a la aplicabilidad de la doctrina de contratista independiente, el foro primario expresó en la *Resolución* recurrida que no se encuentra en posición de pasar juicio sobre su

---

[6] Entrada Núm. 88 del caso núm. CG2021CV01570 del SUMAC.

aplicabilidad. Ello, debido a que no surge del contrato presentado como evidencia si la reparación de la condición de la franja objeto de controversia es un asunto que se encuentre entre las facultades de la compañía que el Consejo de Titulares subcontrata para dar mantenimiento a las áreas verdes.

Inconforme, el 20 de octubre de 2025, la parte peticionaria acudió ante este Foro mediante el recurso de epígrafe y señaló los siguientes errores:

> Incidió el Honorable Tribunal de Primera Instancia, Sala Superior de Caguas, al negarse a proveer la desestimación sumaria solicitada, cuando las admisiones de la demandante evidencian que la prueba es insuficiente para sustentar sus alegaciones, y que se cae por atrechar por un área de tierra teniendo acera disponible para llegar de forma segura a su auto.

> Incidió el Honorable Tribunal de Primera Instancia, Sala Superior de Caguas, al negarse a aplicar la doctrina de contratista independiente, cuando de sus propios hechos que establece como no controvertidos se confirma su procedencia.

Evaluado lo anterior, le ordenamos a la parte recurrida mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado. En cumplimiento con la referida orden, el 30 de octubre de 2025 la parte recurrida presentó una *Moción en oposición a expedición de recurso de certiorari.* Esencialmente, sostuvo que procede denegar el auto discrecional solicitado y devolver el caso al foro primario, para la continuación de los procedimientos.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera Gómez v. Arcos Dorados, Inc.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207

DPR 994, 1004 (2021). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público. Así también, la referida disposición establece que este Foro podría ejercer su discreción para revisar resoluciones y órdenes interlocutorias en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres*

*Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023); *Rivera Gómez v. Arcos Dorados, Inc.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra. Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A)  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B)  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C)  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D)  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E)  Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F)  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G)  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005). Por tanto, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio".

*Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Esbozada la norma jurídica, procedemos a aplicarla al recurso antes nos.

### III

Mediante los señalamientos de error formulados en el recurso de epígrafe, la parte peticionaria plantea que el foro primario incidió al declarar No Ha Lugar la moción de sentencia sumaria presentada. Esto, debido a que, según argumentó, las admisiones de la parte recurrida reflejan que la prueba es insuficiente para sustentar las alegaciones de la demanda. Asimismo, adujo que el foro *a quo* incidió al negarse a aplicar la doctrina de contratista independiente.

Sin lugar a duda, el recurso de *certiorari* es el vehículo procesal adecuado para procurar la revisión de la *Resolución* recurrida, de conformidad con la Regla 52.1 de Procedimiento Civil, supra. Ello, por tratarse de la denegatoria de una moción de carácter dispositivo. Sin embargo, luego de evaluar el recurso ante nos a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, supra, resolvemos no ejercer nuestra discreción revisora para variar la determinación recurrida.

En fin, consideramos que, en esta etapa de los procedimientos, la actuación del foro *a quo* resulta apropiada. Ello, toda vez que, además de realizar el ejercicio de identificar las controversias de hechos esenciales que, a su juicio, le impedían dictar sentencia sumaria, el foro primario también reseñó la importancia de dirimir el testimonio pericial durante un juicio plenario. Sobre el particular, el foro *a quo* subrayó que actualmente existe divergencia de criterios entre los peritos que testificarían con relación a la caída sufrida por Donato García. Asimismo, consideramos que amerita deferencia el hecho de que el foro primario expresara en la *Resolución* recurrida que tampoco se ha presentado prueba suficiente para validar su aplicabilidad.

En virtud de lo antes mencionado, reiteramos que procede brindar deferencia al curso de acción seguido por el foro primario. Consecuentemente, procede denegar el auto discrecional solicitado.

**IV**

Por los fundamentos que anteceden, denegamos la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones